**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. and OSAMA ABDULLATIF, <br><br> Plaintiffs, <br><br> v. <br><br> ALI CHOUDHRI, <br><br> Defendant. | 4:24-cv-4277 |
| MOKARAM-LATIF WEST LOOP, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ALI CHOUDHRI, <br><br> Defendant. | 4:24-cv-4275 |

**ALI MOKARAM AND OSAMA ABDULLATIF'S**
**EMERGENCY MOTION FOR REMAND OR ABSTENTION**

> **Emergency relief has been requested. Relief is requested not later than 10:00 a.m. on July 30, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing has not yet been set on this matter. Once a hearing has been set, notice will be provided.**

Ali Mokaram ("Mokaram") and Osama Abdullatif ("Abdullatif" and, together with Mokaram, the "Judgment Creditors")[1] file this *Emergency Motion for Remand or Abstention* and seeks an order remanding the above-captioned proceedings (the "Removed Actions") back to state court *again* and further, that the Court preclude Ali Choudhri ("Choudhri"),[2] from removing the Removed Actions to federal court for at least 180 days. The Bankruptcy Court for the Western District of Texas remanded this exact issue just a few weeks ago and the Court should remand again. Additionally, the Court should order Choudhri to pay the Judgment Creditors' legal expenses incurred as a result of this removal.

## Background

1.      Choudhri removed the Removed Actions to this Court in bad faith and for purposes of delay only and to avoid Judgment Creditors seeking to require Choudhri to prove up his "Paupers Affidavit." Again.[3]  This is only the most recent of Choudhri's manipulations of the state and federal courts to delay justice and was filed less than a month after the United States Bankruptcy Court for the Western District of Texas remanded <u>the same cases on the same grounds</u>.  The Notice of Removal includes no new grounds for removal and all evidence Choudhri attaches predates the Western District Court's Order.

2.      The underlying state court cases have been ongoing for years, final judgments have been entered in both cases, and Choudhri filed notices of appeal for two of the cases. By

---

[1]    As explained in greater detail in paragraph 5 below, Mokaram and Abdullatif are the beneficiaries of the judgments in the underlying state court cases.

[2]    Choudhri is the majority owner and manager of Texas REIT LLC. The Debtor has its own chapter 11 case pending in the Western District of Texas under Case No. 24-10120.

[3] Choudhri's serial removal tactics are reminiscent of the summer camp song "Little Red Wagon," which implores singers to sing the "second verse, the same as the first – a little bit louder and a little bit worse!"

this removal, Choudhri is once again demonstrating his pattern and practice of filing wrongful notices of removal for delay that required motions to remand them.

3.      As with his prior pre-hearing removals, the removal notices were filed the morning a consolidated hearing was scheduled in the trial court to rule on Choudhri's contention that he is a pauper and does not have to post a bond to supersede the final judgments while he appeals both cases.  If Choudhri loses, he must either post a supersedeas bond in both cases or the Judgment Creditors can collect on their final judgments against Choudhri.  Thus, his motive for delay at any cost.[4] As reflected in Exhibit J (described in greater detail below), this is the second time Choudhri improperly removed this case immediately prior to the state court hearing on the same subject.[5]

4.      A comprehensive history of Choudhri's removal tactics is listed in Mokaram's last motion to remand (the "Prior Remand"), filed July 29, 2024, which is attached as **Exhibit A**. *See* paragraphs 1-12 (highlighting the history of litigation in this case as well as Choudhri's history of using serial removal tactics in other litigation to delay resolution of cases). Mokaram specifically highlights:

- **Exhibit B** (*Supplement to Ali Mokaram and Osama Abdullatif's Joint Emergency Motion for Remand or Abstention*, filed July 30, 2024).[6]

- **Exhibit C** (*Second Supplement to Ali Mokaram and Osama Abdullatif's Joint Emergency Motion for Remand or Abstention*, filed August 16, 2024).

---

[4] As recognized by Judge Norman, Choudhri is no stranger to delay tactics, and has an abundance of litigation pending "scattered throughout the Southern District of Texas." *See generally In re Galleria 2425 Owner, LLC*, Case No. 23-34815, Mem. Op. at 16-17 and n. 48 [Docket No. 565] (Bankr. S.D. Tex. June 22, 2024).

[5] Moreover, at the time the notice of appeal was filed in the state court — which the state court relied on to adjourn the hearing — no notice of appeal to this Court was attached or based on PACER searches had yet been filed. The removals do not appear to have been filed for several hours *after* the hearing had been set.

[6] Exhibits A, B, and C were docketed in each of the previously removed actions, Cause Nos. 24-1047, 24-1048, 24-1049, and 24-1050 in the Bankruptcy Court for the Western District of Texas. Only one copy of each is attached.

- **Exhibit D** (July 10, 2024, trial court Order detailing Choudhri's delay tactics and improper motions).

- **Exhibit E** (July 23, 2024, trial court Order granting sanctions for Choudhri's improper delays and failure to comply with court orders). That order also stated:

> This Court's order of July 10, 2024 explains the history of Mr. Choudhri's repeated and last minute efforts to delay the hearing on the contests to Mr. Choudhri's net worth affidavit.

- **Exhibits F, G, H, and I** (October 9, 2024, Orders: *Order Granting in Part Plaintiffs' Joint Emergency Motion for Remand or Abstention*, Cause Nos. 24-1047, 24-1048, 24-1049, 24-1050 (Bankr. W.D. Tex.), remanding these cases and two others to state court).[7]

- **Exhibit J** (October 12, 2024, state court Order setting hearing on Choudhri's net worth and detailing timeline for removal and remand).

5.      The Removed Actions have been pending for years and final judgments have

been entered.  There is no good faith basis for any removals.  The Debtor is not a party to any of

---

[7]     Not only has Choudhri already litigated these exact cases and theories previously, but he filed an *Amended Motion for Reconsideration of Order to Remand* asking the Court for the same relief he sought the first time. *See* Cause No. 24-1049, Doc. 36 (Bankr. W.D. Tex. Oct. 30, 2024). That motion remains pending.

Choudhri has used this tactic multiple times before, seeking to remove state court cases to a bankruptcy case pending before Judge Norman at least three times.  Choudhri caused entities he owns and controls to file improper notices of removal at the eleventh hour to delay state court proceedings, only to have each of those cases remanded back to state court. *See In re Houston Real Estate Properties, LLC*, Case No. 22-32998 remanding Adversary No. 22-3298, No. 23-3196 and No. 23-03190.

And that is only the beginning of Choudhri's experience litigating in the United States Bankruptcy Court for the Southern District of Texas. *See also In re 2500 West Loop, Inc.*, Case No. 18-20459 (Bankr. S.D. Tex.); *Abdullatif et al v. Jetall Companies, Inc., et al,* Adv. Case No. 18-2180 (Bankr. S.D. Tex.); *BDFI LLC et al v. Mokaram-Latif West Loop, Ltd. et al,* Adv. Case No 19-02019 (Bankr. S.D. Tex.)*; In re Houston Real Estate Properties LLC*, Case No. 22-32998 (Bankr. S.D. Tex.); *Abdullatif et al v. Choudhri et al,* Adv. Case No. 22-03298 (Bankr. S.D. Tex.); *Quinlan et al v. Jetall Companies, et* al, Adv. Case No. 23-03141 (Bankr. S.D. Tex.)*; Abdullatif et al v. Choudhri,* Adv. Case No. 23-03190 (Bankr. S.D. Tex.); *Abdullatif et al v. Choudhri*, Adv. Case No. 23-03191 (Bankr. S.D. Tex.)*; Abdullatif v. Choudhri,* Adv. Case No. 23-03193 (Bankr. S.D. Tex.)*; Abdullatif et al v. Choudhri,* Adv. Case No. 23-03194 (Bankr. S.D. Tex.)*; Mokaram Latif West Loop Ltd. v. Choudhri*, Adv. Case No. 23-03196 (Bankr. S.D. Tex.)*; In re Galleria 2425 Owner LLC*, Case No. 23-60036 (Bankr. S.D. Tex.); *Galleria 2425 Owner, LLC et al v. National Bank of Kuwait, S.A.K.P., New York Branch,* Adv. Case No. 23-06009 (Bankr. S.D. Tex.)*; In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.); *Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch,* Adv. Case No. 24- 03120 (Bankr. S.D.Tex.)*; In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.); *In re Briar Building Houston LLC*, Case No. 18-32218 (Bankr. S.D. Tex.).

the Removed Cases (nor are any of the parties to the Removed Cases in bankruptcy). Nor is George Lee, the plaintiff in the adversary proceeding attached to the *Notices of Removal* as Exhibit 1, a party to either of the Removed Cases. George Lee is also not a party to either of the Removed Cases.  In one of the removed cases, Abdullatif has an individual judgment against Choudhri.  In another, Mokaram has an individual judgment against Choudhri (and two other entities Choudhri owns) that arises out of an arbitration award entered in July 2021.[8]  If Choudhri's contention is that the Debtor TX Reit needs protection, this falls short. Although the Debtor *was* a party in 2012-27197D, it asserted no claims and no relief was awarded to TX Reit in the arbitration award or the judgment.  And no claims were asserted against TX Reit in the arbitration and no relief or judgment was entered against TX Reit. As such, neither of the Removed Cases are either assets or liabilities of TX Reit.

## **Remand Should be Granted**

6.        The Judgment Creditors have fully briefed why remand is appropriate and remand has already been granted just last month in these exact cases. To that end, the Judgment Creditors fully incorporate all prior motions to remand and supplements, attached as **Exhibits A, B, and C**.

7.        The Bankruptcy Court for the Western District of Texas found "**the State Court Lawsuit was improperly removed in violation of Federal Rule of Bankruptcy Procedure 9027's deadlines and pleading requirements**" and "**no bankruptcy issues were presented to the Court**." *See, e.g.* 24-1047 Docket No. 28 (Bankr. W.D. Tex. Oct. 9, 2024) (emphasis added). Nothing has changed in the less than thirty-days since that Order was entered. Accordingly, the

---

[8]     Two of the judgments are attached hereto as **Exhibit L** (judgment in favor of Abdullatif) and **Exhibit M** (judgment in favor of Mokaram).

Judgment Creditors request the Court follow and adopt the prior remand orders attached as **Exhibits E, F, G, and H**.

*Choudhri Cannot Establish Jurisdiction or Proper Removal*

8.       Choudhri bears the burden of establishing that this Court has subject-matter jurisdiction, and that the removal was proper. *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (per curiam). "The right of removal is entirely a creature of statute and a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress. These statutory procedures for removal are strictly construed." *Id.* (quoting *Syngenta Corp. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). Any ambiguities or doubts about the propriety of removal must be resolved by remanding the case to state court. *Id.*

9.       Remand is required here because Choudhri cannot show that removal was timely. Federal Rule of Bankruptcy Procedure 9027 imposes the deadlines by which any claims or causes of action related to bankruptcy cases must be removed under 28 U.S.C. § 1452. Fed. R. Bank. P. 9027(a)(2)–(3); *see also Thunderbird Oil & Gas, LLC v. Stephens* (*In re Stephens*), 639 B.R. 679, 690–91 (Bankr. N.D. Tex. 2022) (explaining that Rule 9027's deadlines apply, rather than those imposed by 28 U.S.C. § 1446(b)). When, as here, the claim or cause of action was pending when the bankruptcy case was commenced, the notice of removal must be filed by the latter of:

a.       90 days after the order of relief in the cause under the Code;

b.       30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code; or

c.       30 days after a trustee qualifies in a chapter 11 reorganization case but no later than 180 days after the order of relief.

Fed. R. Bankr. P. 9027(a)(2).

10.     Here, Choudhri did not satisfy Rule 9027's deadlines. In a voluntary chapter 11 case like Texas REIT, LLC (the "Debtor"), the filing of the case constitutes an order for relief. 11 U.S.C. § 301(b); *In re Stephens*, 639 B.R. at 688. Here, the Debtor filed its case on February 6, 2024. Choudhri filed his prior Notice of Removal on July 28—173 days later, and this one on November 5—273 days after the case was filed. Therefore, it is untimely unless Choudhri can show that the circumstances under Rule 9027(a)(2)(B) or (C) apply, which he cannot.

11.     Subsection (C) does not apply because no trustee has been appointed. And subsection (B) only applies when (1) the claim or cause of action being removed has been automatically stayed under section 362 of the Bankruptcy Code and (2) the bankruptcy court has lifted that stay. *See* Fed. R. Bankr. P. 9027(a)(2)(B). Neither of those conditions is satisfied here.

12.     Section 362's "[a]utomatic stay . . . extends only to actions 'against the debtor.'" *U.S. Abatement Corp. v. Mobil Expl. & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 39 F.3d 563, 568 (5th Cir. 1994) (quoting 11 U.S.C. § 362(a)(1)). The Judgment Creditors' claims are against Choudhri individually, not any of his companies or any party currently in bankruptcy. Although TX Reit was previously a nominal defendant in 2012-27179D, no judgment was entered against it. Inclusion of a debtor as a nominal party is insufficient to trigger the automatic stay. *See, e.g.*, *Walters v. First Tenn. Bank, N.A. Memphis*, 855 F.2d 267, 271 (6th Cir. 1988); *Fang Liu v. Gold*, No. C14-1087-JCC, 2014 WL 6609467, at *1 (Bankr. W.D. Wash. Nov. 21, 2014); *see also Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.*, 50 B.R. 25, 26 (S.D.N.Y. 1985) (holding that the automatic stay did not apply to an interpleader action in which the debtor was a nominal defendant).

13.     The documents attached to removal do not change anything. Choudhri attaches (1) an adversary petition filed on July 10, 2024 (Cause No. 24-10120, Bankr. W.D. Tex.); and (2) a deposition transcript from a deposition taken on September 11, 2024. *See* Docket Nos. 1-1, 1-2. These documents are wholly irrelevant to the removal and further demonstrate the untimeliness. The attached adversary petition was on file for 18 days *before* Choudhri removed these actions the last time—and now is almost four months old, long past any 90-day deadlines. Likewise, the deposition was taken almost a month before the Bankruptcy Court for the Western District of Texas remanded these actions in October and does not raise any new theories for removal. *Compare* Docket No. 1-2 *with* Exhibits E, F, G, H. Merely reattaching old records does not manufacture a new theory of jurisdiction and—to the extent that they are relevant at all— should have been raised when Choudhri removed in July.

14.     Choudhri already unsuccessfully argued to the state court that the automatic stay extended to the Removed Actions. On February 21, 2024 (approximately two weeks after the Debtor filed its chapter 11 case), the state court entered an order rejecting Choudhri's argument and holding that the Removed Actions were not stayed by virtue of the Debtor's bankruptcy case. Since that time, Choudhri continues to ask the Court for a do-over by filing serial improper removals. The court should not sanction this gamesmanship.

*Permissive Remand is Appropriate*

15.     Section 1452 allows the court to which a claim or cause of action is removed to remand such claim or cause of action on any equitable grounds.  28 U.S.C. § 1452(b).  In determining whether to remand under section 1452(b), courts will consider: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the

possibility of inconsistent results; (6) whether the state court is better suited to handle issues of state law; (7) the expertise of the bankruptcy court; (8) the degree of relatedness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) forum shopping; (11) burden on the bankruptcy court; and (12) comity. *In re Dune Energy, Inc.*, 575 B.R. 716, 731–32 (Bankr. W.D. Tex. 2017); *Regal Row Fina, Inc. v. Wash. Mut. Bank*, 2004 WL 2826817 at *8 (N.D. Tex. Dec. 9, 2004).

16.     As was previously ordered, remand is appropriate here:

> The Court finds that these factors overall weigh heavily in favor of permissive abstention and equitable remand in the present case. The Debtor is not involved in the State Court Lawsuit. The issues are not bankruptcy issues. The state court has already entered final judgment. Under these facts, this Court finds it appropriate to exercise its authority under 28 U.S.C. §§ 1334(c)(1) and 1452(b) and will permissively abstain and equitably remand the State Court Lawsuit.

*Subsequent Removals on the Same Grounds are Barred*

17.     This removal is barred because it is the second removal on the same ground. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "Removal 'on the same ground' does not prohibit removal based on the same theory of federal jurisdiction (i.e., federal question or diversity jurisdiction), but it forecloses removal absent 'a different set of facts establishing a new ground of removal.'" *Everett Fin., Inc. v. Kocher*, 2019 WL 4597574 (N.D. Tex. Sept. 20, 2019) (quoting *Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*, 2018 WL 4215118, at *3 (N.D. Tex. Sept. 5, 2017); *S.W.S. Erectors*, 72 F.3d at 492–94). "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand." *Id.* (internal quotations omitted).

18.     Choudhri removed this action based on his theory that all alter-ego claims must be adjudicated in the federal courts. *Notice of Removal* at ¶¶ 5–6. This is the same theory upon which Choudhri removed in July. *See* **Exhibit K** at ¶¶ 4, 19–22 (*Choudhri's Motion for Leave to File This Response, Response and Certificate of Opposition to Joint Emergency Motion for Remand or Abstention, Motion to Abstain, and Supplement to Motion to Transfer*, Cause No. 24-1050, Docket No. 22).

19.     None of the attachments to the removal constitute the "new facts" which would give rise to a new removal. Instead, both of the documents attached to removal were available to Choudhri before the prior removal were fully briefed. *See* Docket Nos. 1-1 and 1-2 (listing July 10 and September 11 respectively).

20.     Moreover, even if these were new "facts," they do not constitute a "new ground for removal" as required by *S.W.S. Erectors*. In *S.W.S. Erectors*, the Fifth Circuit relied on the District of Connecticut's explanation in *One Sylvan Road North Associates v. Lark International, Ltd.*, that "a defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal.*" *S.W.S. Erectors*, 72 F.3d at 493 (quoting *One Sylvan Road North Associates v. Lark International, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) (emphasis in *S.W.S. Erectors*)). Removal here is exactly the type *S.W.S. Erectors* and *One Sylvan Road* prohibit—merely adding new facts to the same theory of removal. *See id*. (In *One Sylvan Road*, the removing defendant removed twice on the basis of amount in controversy—while there were new facts, the second removal was rejected because it was the same theory); *see also Tierney v. UNUM Life Ins. Co. of Am.*, 2001 WL 1172182 at *2 (N.D. Tex. Sept. 28, 2001)

(rejecting second removal when new evidence supported the same factual basis as first removal).

21.     Because removal in both instances was about the same theory—that alter ego claims against Choudhri belong in federal court—this subsequent removal is barred. *See Kindred Hosps.*, 2018 WL 4215118, at *4 ("[E]ven where deposition testimony or discovery responses have been deemed adequate to warrant removal [a second time], they do more than supply evidentiary support for the conclusion that the first remand was incorrect.").

*Secondary Removal of the Same Case is a Collateral Attack on the Western District's Order*

22.     By removing the case again at the same procedural point in the state court case, Choudhri's removal is a collateral attack on the first remand orders attached as Exhibits E, F, G, and H. Essentially, Choudhri is asking the Court to find that remand was improper the first time. Remand has already been litigated. Choudhri already sought reconsideration. *See infra* n.6. And now, Choudhri seeks a third bite at the same apple by removing on the same theory.

23.     Refiling new removal actions for the purpose of getting a new opinion on the same removal and remand order is prohibited. *See, e.g. Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994) ("A federal court does not have jurisdiction over a case filed for the purpose of collaterally attacking the remand of another action."). Choudhri cannot be permitted to abuse the judicial process or the Court's resources to continue removing this case in the hopes he gets an answer he likes from a different court.

*Prohibition on Future Removals of this Action is Appropriate to Prevent Further Abuse*

24.     Due to the Choudhri's ongoing actions to delay the proceedings in the Removed Actions, the Judgment Creditors further request that Choudhri and all entities owned

and controlled by him be prohibited from attempting to remove any of the Removed Actions to any bankruptcy court for at least 180 days.

*Emergency Relief is Requested*

25.      Judgment Creditors further assert that cause exists to schedule an emergency hearing on this Motion at the Court's earliest convenience. Judgment has already been entered and Choudhri removed this case <u>twice</u> on the morning of critical hearings. Continuing to allow Choudhri to delay this case is prejudicial. The last removal cost the Judgment Creditors three months and thousands of dollars in legal fees. Accordingly, expedited briefing and consideration is necessary to prevent Choudhri from continuing to use these improper stall tactics to his benefit.

*The Court Should Retain Jurisdiction to Determine Attorney's Fees and Sanctions*

26.      The Judgment Creditors request the Court retain jurisdiction for the limited purpose of determining whether Choudhri should be required to pay the Judgment Creditors' attorney's fees for the improper removal, *see Muirhead v. Bonar*, 556 F.2d 735, 737 (5th Cir. 1977), and any forthcoming motions for sanctions filed within thirty (30) days of a remand order.

WHEREFORE, Judgment Creditors respectfully request that the Court enter an order (i) remanding these cases to state court, (ii) precluding Choudhri and any entities owned or controlled by him from filing any further notices of removal to federal court for at least 180 days, and (iii) granting such other and further relief as may be just and proper.

Respectfully submitted this 6th day of November, 2024.

| **HOOVER SLOVACEK, LLP** | **GRAY REED** |
|---|---|
| By: */s/ T. Michael Ballases* | By: */s/ Lydia R. Webb* |
| T. Michael Ballases | B. Scott Funk |
| Texas State Bar No. 24036179 | Texas Bar No. 07550900 |
| Brice B. Beale | Lydia R. Webb |
| Texas State Bar No. 24031855 | Texas Bar No. 24083758 |
| Steven A. Leyh | London England |
| Texas State Bar No. 12318300 | Texas Bar No. 24110313 |
| | |
| Galleria Tower II | 1300 Post Oak Blvd., Suite 2000 |
| 5051 Westheimer, Suite 1200 | Houston, Texas 77056 |
| Houston, Texas 77056 | Telephone:  (713) 986-7000 |
| Telephone:  (713) 977-8686 | Facsimile:  (713) 986-7100 |
| Facsimile:   (713) 977-5395 | Email: lwebb@grayreed.com |
| Email: ballases@hooverslovacek.com | sfunk@grayreed.com |
| beale@hooverslovacek.com | lengland@grayreed.com |
| leyh@hooverslovacek.com | |
| | **COUNSEL TO ALI MOKARAM** |
| **COUNSEL TO OSAMA ABDULLATIF** | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 7, 2024, she caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.  In addition, a copy of the foregoing was also served upon counsel via electronic mail as follows:

Robert Teir
Email: rteir@icloud.com

*/s/ Lydia R. Webb*
LYDIA R. WEBB